UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON HATCHER, | ) | CASE NO. 1:16CV33 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| CLEVELAND CLINIC | ) | |
| FOUNDATION, et al., | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #19) of Plaintiff *pro se*, Sharon Hatcher, to Vacate. Following an oral hearing and for the reasons stated, the Motion to Vacate is denied.

**I. FACTUAL BACKGROUND**

On September 20, 2016, the above-captioned matter came before the Court for a Settlement Conference. After a period of negotiation, the parties advised the Court that a resolution had been reached. Therefore, the Court entered its Order (ECF DKT #17), retaining jurisdiction to enforce the agreement, alter its terms or vacate and re-open the case.

Citing a breakdown in the attorney-client relationship, Plaintiff's counsel moved to withdraw on September 28, 2016 (ECF DKT #18); and that request was granted on the following day.

On October 25, 2016, Plaintiff filed a letter which the Court treated as a Motion to Vacate. Plaintiff stated that she did not authorize her counsel to accept the settlement amount.

On November 10, 2016, the Court ordered Plaintiff's former attorney to submit an affidavit regarding the allegations in Plaintiff's letter and the court proceedings of September 20, 2016. The Affidavit was filed under seal on November 18, 2016.

On November 22, 2016, the Court set the Motion to Vacate for Oral Argument on December 21, 2016. On that date, the Court heard sworn testimony from Plaintiff and from her former counsel, James Hux.

## II. LAW AND ANALYSIS

**Relief from Final Judgment, Order, or Proceeding**

Fed.R.Civ.P. 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence ...;

(3) fraud ...;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged ...;

(6) any other reason that justifies relief."

However, "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Info-Hold, Inc. v. Sound Merchandising*, *Inc*., 538 F.3d 448, 454 (6th Cir.2008), citing *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.2001). "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold*, 528 F.3d at 454. "The parties may not use a Rule 60(b) motion as a substitute for an appeal, ... , or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise."  (internal citation omitted). *Hopper v. Euclid Manor Nursing Home, Inc*., 867 F.2d 291, 294 (6th Cir.1989) ; *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir.1977).

**Settlement Agreements**

"Agreements settling litigation are solemn undertakings, invoking a duty upon the involved lawyers, as officers of the court, to make every reasonable effort to see that the agreed terms are fully and timely carried out."  *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir.1976).  Thus, courts are obliged to uphold settlement agreements whenever equitable and policy considerations allow.  *See id.; Bobonik v. Medina General Hosp*., 126 F.App'x 270, 273 (6th Cir. 2005).

"The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation."  *Kukla v. National Distillers Prods., Co.*, 483 F.2d 619, 621 (6th Cir.1973) (citations omitted).

In the instant matter, Plaintiff testified that, on September 20, 2016, she did not agree

to the settlement figure and that she was shocked, baffled and nearly brought to tears. Plaintiff further testified that she has been involved in at least two settlement conferences. Additionally, in her current employment she has had experience with the negotiation process.

Attorney Hux testified that, after an exchange of demands and offers, the parties had reached a temporary impasse. He asked Plaintiff for a figure, if offered, that she would be willing to accept. She provided that figure; Defendants offered that amount; and Attorney Hux informed Plaintiff that a resolution had been reached. He further testified that Plaintiff was disappointed but "fine" with the agreement. They shook hands and parted amicably. Attorney Hux testified that Plaintiff did not appear shocked nor was she crying. It was not until the following day that Plaintiff called Hux's office in an attempt to revoke the settlement.

Upon consideration of Plaintiff's letter, Counsel's affidavit and their sworn testimony, the Court finds no justification for vacating the settlement. Based upon Plaintiff's demeanor on the stand and her acknowledged familiarity with the negotiation process, the Court is convinced that Plaintiff would have voiced her disapproval with Defendants' offer and would have demanded that her attorney tell the Court that he was not authorized to accept it. Further, the Court is mindful that Attorney Hux is an officer of the court; that he understands his professional obligations, as well as the consequences of lying under oath to a federal judge.

This determination comes down to credibility. In light of the documents filed and the testimony offered on the witness stand, the Court finds that Attorney Hux's version of the events of September 20, 2016 is more credible.

### III. CONCLUSION

Therefore, the Court holds that Plaintiff cannot avoid the consequences of her knowing and deliberate decision. The Motion (ECF DKT #19) of Plaintiff *pro se*, Sharon Hatcher, to Vacate is denied.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: December 27, 2016**